UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LUCAS, | ) Case No.: 1:20-cv-00552-NONE-JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| v. | ) DISMISS THE COMPLAINT |
| COUNTY OF KERN, et al., | ) |
| Defendants. | ) |

The plaintiff initiated this action by filing a complaint and paying the requisite filing fee on April 20, 2020. For the following reasons, the Court recommends the complaint be **DISMISSED without leave to amend**.

**I.     Pleading Requirements**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915(e)(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.     The Allegations of the Complaint

According to the plaintiff, on January 21, 2020, he "delegated to defendants Youngblood, Posey, Levig, Ollague, Barker, and Kruse his authority to perform on his behalf a citizen's arrest of Jon Edwin Slikker, a crop duster, for over spraying [the plaintiff's] person and property with pesticide on July 27, 2018." (Doc. 1 at 16.) The plaintiff claims that on January 22, 2018, the defendants refused to make the citizen's arrest on him behalf. (*Id*. at 17.) The plaintiff asserts that the defendants followed Kern County Sheriff's Office policies and procedures to refuse his delegation. (*Id.*)

1    According to the plaintiff, on February 10, 2020, he submitted his 42 U.S.C. § 1983 claim on official county form "Claim Against the County of Kern" to the clerk of the Kern County Board of Supervisors. (*Id*. at 13.) The plaintiff reports that on February 11, 2020, the Board recorded his claim. (*Id*. at 14.) According to the plaintiff, on February 13, 2020, the defendants rejected the plaintiff's claim for late filing. (*Id*.)

The plaintiff reports that on March 17, 2020, Bryan Alba, Deputy County Counsel for the County of Kern, served him a letter entitled "Re: Contact with the Staff of the Kern County Sheriff's Office." (*Id*.) The plaintiff claims that the letter is "threatening, intimidating, and a specious demand to cease and desist." (*Id*. at 15.) The plaintiff asserts that the defendants "knew or reasonably should have known . . . that [the plaintiff] was an elder in his 80's with chronic health issues." (*Id*. at 16.) The plaintiff claims that the letter caused him "additional unwarranted stress at this inopportune time." (*Id*.)

### III.    Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

Dismissal of the complaint is appropriate where the complaint fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

**IV.     Discussion and Analysis**

    **A.     Statute of Limitations**

Pursuant to Section 911.2(a) of the California Government Code, "[a] claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 . . . not later than six months after the accrual of the cause of action." The plaintiff alleges in the form he submitted for a claim against the County of Kern, that around May 16, 2019, he delegated to Kern County peace officers' authority to arrest Mr. Slikker for "overspraying [Plaintiff's] person, residence and property with pesticide." (Doc. 1 at 48-49.) The plaintiff alleges that Mr. Slikker sprayed his person and property with pesticide on July 27, 2018. (*Id*. at 16.) The plaintiff submitted his claim to the Clerk of Kern County Board of Supervisors on February 11, 2020. (*Id*. at 48-52.) Because the event occurred more than six months before he presented the claim, the County rejected his claim. (*Id*. at 52.) In the "Notice of Filing Late Claim," County notified the plaintiff of the option to apply for leave to file a late claim. (*See id*.) The plaintiff did not indicate that he obtained leave to submit a late claim. Accordingly, the plaintiff is barred from pursuing state law claims.

However, "[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55. California Code of Civil Procedure § 335.1 dictates that actions for personal injury allegedly caused by negligence must be brought within

two years. The two-year limitations period begins to run on the date the plaintiff knows or has reason to know of the injury which is the basis of the action. See *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The plaintiff alleges that he submitted his "§ 1983 Claim"[1] on the County's form. (Doc. 1 at 13.) To the extent he was raising a state cause of action in this claim, the County correctly rejected his claim as untimely. (Cal. Gov. Code § 911.2(a)) However, the plaintiff was not time barred from bringing an action under 42 U.S.C. § 1983; indeed, a government claim was not required for such a cause of action. Because a government claim is not required to bring a § 1983 lawsuit, the County was justified in believing the plaintiff intended on pursuing a state law claim and rejecting it as untimely. Consequently, the plaintiff has not demonstrated any damage as a result of the County's rejection of his claim.

On the other hand, the basis of the plaintiff's governmental claim is that the law enforcement defendants were obligated to accept his delegation of his citizen's arrest authority and to take physical custody of his arrestee without verifying that probable cause existed for the arrest. The Court finds there was no such obligation. Because the plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983, there is no causal connection between the County's rejection of the claim as untimely and any alleged damage to the plaintiff.

**B.     Equal Protection Clause**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, the plaintiff must show that the defendants intentionally discriminated against him based on his membership in a protected class.  *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

---

[1] On the form, the plaintiff does not refer to 42 U.S.C. § 1983; he asserts only that he has suffered a "deprivation of civil rights." (Doc. 1 at 48). It is confusing why he now refers to this as a "section 1983 claim." (Doc. 1 at 13).

5

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that he was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege facts to support that he was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

The complaint fails to state a cognizable equal protection claim. For example, the complaint admits that as a policy, the Kern County Sheriff's Office[2] will not accept custody of a person subject to a citizen's arrest and will not accept the delegation of authority to arrest, unless officers have themselves determined that probable cause exists to support the arrest.[3] (Doc. 1 at 38-43.) Consequently, the complaint admits that the plaintiff was not treated differently than other, similarly situated people.

The complaint also fails to demonstrate that the decision not to accept custody of the arrestee or to refuse the arrest delegation was unrelated to a legitimate state purpose. Indeed, under the Fourth Amendment, a warrantless arrest for a misdemeanor must "be supported by probable cause to believe that the arrestee has committed a crime." *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 924 (9th Cir. 2001) (internal quotation and citation omitted), regardless of whether the arrestee was taken into custody pursuant to a citizen's arrest. "In establishing probable cause, officers

---

[2] The plaintiff raises other claims related to the Kern County Sheriff's Office, such as alleging that the defendants acted to stop Kern County Sheriff's Office staff members from providing non-emergency services to the plaintiff, and that this violates his second amendment right (Doc. 1 at 29-30, 35); however, the facts alleged are similarly insufficient to state a claim.

[3] Moreover, the plaintiff has provided a copy of the official policy at issue and, consistent with the allegations of the complaint, the policy prohibits officers from accepting custody of those who have been subject to a citizen's arrest when there is not probable cause to support the arrest. (*See* Doc. 1 at 73-74.)

may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Id*. If the police officer fails to "independently investigate" the basis for the citizen's arrest, the officer does not have probable cause to arrest. *See id*. at 920-21, 924-25 (reversing dismissal of Fourth Amendment false arrest claim against police officers based on citizen's arrest where allegations raised inference that officers did not independently investigate asserted violation of law).

In *Kuba v. Marine World Joint Powers Authority*, 2006 WL 3041234 at *2 (E.D. Cal. Oct.24, 2006), the police accepted custody of the plaintiff who had been placed under arrest for trespass by a private citizen.  The charge was dismissed by the state court because it lacked probable cause. *Id*. at *2. After the plaintiff sued under 42 U.S.C. § 1983, this Court held that the police officers could be held liable under the Fourth Amendment because the citizen's arrest lacked probable cause. *Kuba* at *5.  The Court held, the "police officer is not entitled to hide behind a citizen's arrest in place of making a determination of whether probable cause exists." *Id*.  Thus, the refusal here to accept custody of the person who was subject to the citizen's arrest or to accept the arrest delegation authority was related to the legitimate state interest of ensuring compliance with the dictates of the United States Constitution.

The plaintiff also raises an equal protection claim regarding the County's claim form's requirements. (Doc. 1 at 27-28.) However, the County's claim form is a standard form used for claims against the County.[4] (*See id*. at 54-55.) The plaintiff was not treated differently than other, similarly situated people and, therefore, it does not state a claim for a violation of equal protection. Consequently, the Court recommends that claims involving the Equal Protection Clause be dismissed.

C. *Monell* **Liability**

The complaint names each of the individual defendants in their official capacities and the County of Kern, Kern County Board of Supervisors and Office of Kern County Counsel. (Doc. 1 at 1.) Naming a public employee in his official capacity does not assert a claim against the individual and is

---

[4] the plaintiff raises various other claims related to the County's claim form, requesting the Court for a declaratory judgment and injunction regarding same (Doc. 1 at 24-28, 32-35); however, such claims similarly have no merit as the form is a standard form utilized by the County for claims against the County.

7

merely an alternative method of naming the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

An entity may be held liable under 42 U.S.C. § 1983 only where an official policy or a custom caused the alleged violation of the constitutional right. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990).

It appears that the plaintiff is asserting that the policy of the entity caused his damages. However, as noted above, it appears the policy comports with constitutional requirements. The policy indicates that officers are not to accept into custody those who have been subject to a citizen's arrest unless they have determined there is probable cause to support the arrest. (*See* Doc. 1 at 73-74.) Thus, the plaintiff has failed to state a claim against the entity and the complaint should be dismissed as to the County of Kern, Kern County Board of Supervisors and Office of Kern County Counsel and the individuals sued in their official capacities.

### D.   Supervisory Liability

When a plaintiff seeks to impose liability on a person holding a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). It is not enough to allege that the supervisor was responsible for the unlawful conduct of the employee. *Iqbal*, 556 U.S. at 677. The plaintiff must allege facts that would support a claim that the supervisor personally participated in the unlawful conduct, he knew of the violations and failed to act to prevent them or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v.*

*List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Indeed, mere knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Iqbal* at 677.

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Seemingly, the plaintiff names certain defendants in his complaint because he informed them of their subordinates' refusal to accept his citizen's arrest and they failed to take favorable action.[5] This after-the-fact information is insufficient to demonstrate their conduct was "the moving force of the constitutional violation." *Hansen,* 885 F.2d at 646. Thus, claims based upon these allegations should be dismissed.

### E.     Miscellaneous Claims

The plaintiff raises various other claims for instance related to the letter Mr. Alba sent him. He alleges that the communication improperly references elder abuse and that he was wrongly bound to the State Bar of California rules. (Doc. 1 at 28-32, 35-38.) Notably, this letter relates to litigation that Mr. Lucas had initiated in 2018 and, seemingly, has no relation to the current events.  Thus, these allegations appear to violate Federal Rules of Civil Procedures Rule 20(a)(2), because they do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" and they do not involve "question of law or fact common to all defendants."

In addition, the facts alleged are insufficient to support such claims. Specifically, the purpose of the letter was to request the plaintiff to stop sending mail directly to the homes of several employees of the Kern County Sheriff's Office. (Doc. 1 at 60-61.) As noted in the letter, he had been requested several times to communicate with these defendants through counsel, but he continued to send

---

[5] It is unclear from the allegations in the complaint which of the defendants are named for their supervisory role.

correspondence to their homes. Id. The letter advised Mr. Lucas that the defendants were placed in fear as a result of this conduct, but the plaintiff persisted, nonetheless. Thus, the letter told the plaintiff that "as part of the County's zero tolerance policy for violence in the workplace, we are obligated to protect our employees from outside violence or persons engaging in a course of conduct that would place a reasonable person in fear for his or her safety or the safety of his or her immediate[] family." (*Id.* at 61.) This policy is reasonable to protect the County's employees and the letter serves to further the policy's purpose. Moreover, the letter did not prohibit all contact but merely restricted it to contact through counsel. In any event, the plaintiff has failed to identify any official policy or custom in this regard that does not comport with constitutional requirements.

## V.      Findings and Recommendation

Because the underpinnings of the plaintiff's complaint is that the defendants were obligated to accept his delegation of his citizen's arrest authority and to take physical custody of his arrestee without verifying that probable cause existed for the arrest and the Court finds that this is incorrect, the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Notably, plaintiff filed a similar lawsuit against some of the same defendants two years ago and the Court informed him of the legal standards at that time. (*Lucas v. Youngblood, et al.*, Case No. 1:18-cv-00654 DAD JLT; Docs. 39, 46) The fact that he has brought another lawsuit raising some identical claims despite being fully aware of the legal standards, demonstrates that he cannot state a claim. Thus, the Court **RECOMMENDS**:

1.    The complaint be **DISMISSED without leave to amend**; and

2.    That the Clerk of Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

Failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 6, 2020**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE