UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LUCAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | No.: 1:20-cv-00552-NONE-JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION DISMISSING THE COMPLAINT<br><br>(Doc. 2) |

Plaintiff, who is proceeding *pro se*, initiated this action by filing a complaint and paying the requisite filing fee on April 20, 2020. (Doc. No. 1.) The complaint concerns plaintiff's efforts to effectuate a citizen's arrest upon Jon Edwin Slikker, a crop duster, for allegedly over spraying plaintiff's person and property with pesticide on July 27, 2018. (*Id*. at 16.) Plaintiff complains that defendants—various officers and officials employed by Kern County—refused to make the citizen's arrest on plaintiff's behalf. (*Id*. at 17.) The complaint sets forth various claims invoking 42 U.S.C. § 1983 concerning defendants' refusal to make the citizen's arrest of Mr. Slikker, defendants' rejection on timeliness grounds of a claim plaintiff submitted to Kern County regarding the same, and certain communications made by defendants to plaintiff. On May 7, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint be dismissed without leave to amend. (Doc. No. 2.) On May 27, 2020, plaintiff filed objections to the findings and recommendations. (Doc. No. 3.)

In the objections, plaintiff simply reasserts allegations he made in his complaint. For example, plaintiff continues to assert a claim under the equal protection clause and continues to argue that defendants refused to accept his written delegation of authority to perform the citizen's arrest of Mr. Slikker. (Doc. No. 3 at 6-7.) However, the findings and recommendations already addressed plaintiff's allegations in this regard, concluding that the complaint fails to state a cognizable claim. (*See* Doc. No. 2.) Plaintiff does not provide any bases upon which to question reasoning in the findings and recommendations.

It also appears that plaintiff is attempting to raise new claims in his objections, such as a claim for assault. (Doc. No. 3 at 2-3.) A district court "has discretion, but is not required," to consider evidence and claims raised for the first time in objections to a magistrate judge's report. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Here, the court will disregard any new claims presented by plaintiff in his objections because the court agrees with the magistrate judge that the underpinnings of plaintiff's complaint—his assertion that defendants acted unlawfully by failing to accept delegation of his citizen's arrest authority—is insufficient to support any of the claims he is attempting to assert. Moreover, as mentioned in the findings and recommendations, plaintiff previously filed another lawsuit raising claims related to a separate attempt by plaintiff to effectuate a citizen's arrest against his ex-wife and her lawyer. (*See* Doc. No. 2 at 10; *Lucas v. Youngblood, et al.*, Case No. 1:18-cv-00654-DAD-JLT.) In the context of that 2018 case, the court explained to plaintiff the relevant legal standards, yet he again failed to take those instructions into consideration here. (*See* Doc. No. 2.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations are supported by the analysis set forth in the pending findings and recommendations.

/////

/////

/////

Accordingly, the Court **ORDERS**:

1. The findings and recommendations dated May 7, 2020 (Doc. 2) are **ADOPTED IN FULL**;
2. Plaintiff's complaint is **DISMISSED** without leave to amend; and
3. The Clerk of the Court is directed to assign this case to a district judge and close the case.

IT IS SO ORDERED.

Dated: __**June 26, 2020**__                    _____
UNITED STATES DISTRICT JUDGE

3